UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES JAMES WILLIAMS,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. C16-0939RSM<br><br>ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |

## I.  INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Dkt. # 1.  Petitioner Charles James Williams challenges the 150-month sentence imposed on him by this Court following his conviction for Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), and a concurrent 120-month sentence imposed under a separate indictment for Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1).  Petition filed an application with the Ninth Circuit to file this second §2255 motion, which was granted on June 1, 2016.  Dkt. #1-1.  Petitioner challenges his sentence on the basis that the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), applies retroactively to his case and requires that the Court resentence him under a different Guideline range

calculation. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Williams' § 2255 motion.

## II. BACKGROUND

On November 7, 2007, Mr. Williams was charged with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).[1] Case No. CR07-380RSM, Dkt. #8. On December 12, 2007, Mr. Williams was charged with one count of Possession of Cocaine Base, in the form of Crack Cocaine, with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Case No. CR07-426RSM, Dkt. #1. Mr. Williams was convicted by jury trial of the Felon in Possession charge and pled guilty to the separate cocaine charge. *See* Case No. CR07-380RSM, Dkt. #55; Case No. CR07-426RSM, Dkt. #50. These two cases were then consolidated for sentencing purposes.

Mr. Williams' sentencing took place on June 10, 2009. The defense requested 75 months for both offenses. *See* Dkts. #67 at 25; #100 at 62. The Government requested 210 months. *See* Dkt. #68 at 30. The Court calculated the felon in possession offense at a total offense level of 28, criminal history category six, calling for a range of 140 to 175 months, with a statutory maximum of 120 months. Dkt. #100 at 64. The Court calculated the drug offense at a base level of 22, with two points off for pleading guilty. *Id*. However, the Court applied the Guidelines' Career Offender enhancement raising the offense level to 32, level 30 after pleading guilty, calling for a range of 168 to 210 months. *Id.* Taking all of this into consideration, the Court imposed 120 months for the felon in possession and 150 months for

---

[1] Mr. Williams had previously been convicted in King County, Washington, for possession of cocaine and felony harassment, and in Dade County, Florida, for robbery using a deadly weapon or firearm and carrying a concealed firearm.

the drug offense, to run concurrently, and with credit for time served. *Id*. at 67. The Court took the opportunity to point out the following:

> …if no career offender status had been found by the court, then the drug offense in this case would carry 70- to 87-month range on its own. The court, because these are two completely separate offenses, had the discretion to impose concurrent or consecutive sentences. The court would have imposed in that case 120 months on the gun count and would have imposed a consecutive 30-month custody on the drug offense to get to the same spot that we are now.

*Id.* at 67. The Court imposed six special conditions upon release recommended by Probation. *Id.* at 65-66. The Court did not impose a monetary fine. *Id*. at 66. There was no appeal.

On April 21, 2016, based on the U.S. Supreme Court decisions in *Johnson*, *supra*, and *Welch v. United States*, __ U.S., __, 136 S. Ct. 1257 (2016), Mr. Williams filed the instant motion. Dkt. #1.

### III.  DISCUSSION

**A.  Legal Standard**

A  motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the  maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides, *inter alia,* that a motion is timely if it is filed within one year of the underlying judgment or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f).

1   **B. Mr. Williams' Motion**

2       As noted above, Petitioner's motion to vacate follows the Supreme Court's decision in
3   *Johnson v. United States*, *supra*. In *Johnson*, the Supreme Court ruled on a section of the
4   Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a
5   definition of "violent felony." Under the ACCA, a defendant convicted of being a felon in
6   possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior
7   convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA residual clause provided
8   that a violent felony was one that "otherwise involves conduct that presents a serious potential
9   risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme
10  Court held that this clause was "unconstitutionally vague." 135 S. Ct. at 2557. In doing so, the
11  Court necessarily found the clause "vague in all its applications," *id.* at 2561, and concluded
12  that "[i]ncreasing a defendant's sentence under the clause denies due process of law," *id.* at
13  2557. Subsequently, in *Welch v. United States*, the Court held that *Johnson* applies
14  retroactively to defendants whose sentences were enhanced under the ACCA's residual clause.
15  136 S. Ct. at 1265.

16      In the instant matter, Petitioner was not sentenced as a career offender under the ACCA.
17  Rather, he was sentenced under the United States Sentencing Guidelines ("USSG" or
18  "Guidelines"). The Guidelines also include in its definition of "crime of violence" a sentence
19  identical to the ACCA residual clause. *See* USSG § 4B1.2(a)(2) (providing that a "crime of
20  violence means any offense…[that] otherwise involves conduct that presents a serious potential
21  risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th
22  Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent
23  felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the
24

Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). Thus, Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it was unconstitutional under *Johnson* and *Welch*, and that his sentence is no longer appropriate.

In response, the Government argues that Petitioner's claim is untimely, otherwise procedurally barred, and that *Johnson*'s holding does not apply retroactively to Guidelines sentences. Dkt. #6.

**C. Timeliness**

The Government argues that, even if the Court finds that *Johnson* does apply retroactively to Guidelines cases, Petitioner's motion is untimely because he is not really relying on the new rule in *Johnson* but other prior rules, and therefore the one-year statute of limitations ran before he brought his petition. Dkt. # 6 at 11. The Government frames the case thusly:

> Williams's litigation strategy is transparent. Williams is trying to convince the Court that because his predicate convictions would not count as crimes of violence were he sentenced today—because *Johnson I* and *Descamps* render Florida's armed robbery statute overbroad and indivisible thus making USSG §4B1.2(a)(1)'s elements clause inapplicable, because USSG §4B1.2(a)(2)'s residual clause is invalid after *Johnson II*, and because the *Shepard* documents fail to show his harassment conviction was under a statutory alternative that qualifies as a crime of violence—he should be afforded relief from his sentences. But the question presented by this motion is not simply whether, under the law as it now stands, the Court correctly calculated Williams's Guidelines ranges. Thus, even if Williams is right that, under the current state of the law, his convictions would not qualify as crimes of violence under §4B1.2(a)(1)'s elements clause (he is not), this is not presently relevant given the procedural posture of this case.

Dkt. #6 at 10. The Government cites to *In re Hires*, 825 F.3d 1297, 2016 WL 3342668 (11th Cir. June 15, 2016) as procedurally on point. *Id.* In *Hires,* The Eleventh Circuit determined that the Petitioner's claim had four subparts: "(1) *Descamps* held that courts may not use the modified categorical approach unless the state statute of conviction is divisible; (2) the relevant

Florida statutes are now indivisible; (3) *Descamps* thus undermines our above precedents holding Hires's aggravated assault and robbery convictions qualify under the elements clause, and Hires's convictions, if sentenced today, would not qualify under the elements clause; and (4) today the government would have to rely on only the residual clause which *Johnson* voided." 825 F.3d at 1302-03.  The Eleventh Circuit found that "what matters here is whether, at sentencing, Hires's prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under *Johnson*, or pursuant to the elements clause, which would not." *Id.* at 1303. The Eleventh Circuit denied Hires' §2255 motion, finding that Hires' convictions qualified under the elements clause.  The Government thus argues that the relevant question here is not whether Williams could be sentenced as a career offender today, but whether, at sentencing, Williams' prior convictions qualified pursuant to the residual clause, or pursuant to the elements clause. Dkt. # 6 at 10.  The Government argues that "Williams cannot show the Court actually relied on the residual clause of USSG §4B1.2(a)(2) to find his harassment conviction qualified as crimes of violence, and even if the Court did rely on that clause when evaluating his armed robbery conviction, any such mistake was harmless" because "[t]he Court alternatively—and correctly—ruled this conviction is a crime of violence under USSG §4B1.2(a)(1)'s elements clause…" *Id.* at 11.  Following the logic of *Hires*, this alone would be sufficient to deny the Motion.

On Reply, Petitioner argues:

> At the time of his sentencing, the district court judge found that Williams's prior convictions for felony harassment and robbery were crimes of violence under the categorical or the modified categorical analysis. Until *Johnson* eliminated the residual clause, it did not matter that district court erred in its analysis on the elements clause because the Government would have simply turned to the residual clause to support its claim that these two crimes were crimes of violence. However, with the elimination of

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 6

     the residual clause, this Court must determine whether the district court's elements analysis is correct. If it was not, Williams is entitled to relief.

Dkt #7 at 2.  Petitioner provides no legal citation for these assertions.  Petitioner later argues that "it is *Johnson*, and not *Descamps*, that negates Williams's status as a career criminal, and "[w]ithout *Johnson*, Williams would have no claim that he was not a career offender, even if *Descamps* were never decided, because Williams's prior convictions would almost certainly have qualified as predicate felonies under the residual clause."  *Id*. at 4.  Petitioner fails to address the Government's analysis of *Hires*.

  The Court finds *Hires* instructive and generally agrees with the Government's argument.  §2255 petitions must be filed within a one-year statute of limitations period.  Petitioner's one-year period measured from the underlying criminal judgment has long since expired, and so Petitioner relies on the portion of §2255(f) that allows filing within one year of "the date on which *the right asserted* was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." §2255(f) (emphasis added).  *Johnson* created a new right, but this is not the right asserted by Petitioner.  The Court agrees with the Government that Petitioner cannot show the Court actually relied on the residual clause of USSG §4B1.2(a)(2) to find his harassment conviction qualified as a crime of violence, and even if the Court did rely on that clause when evaluating his armed robbery conviction, any such mistake was harmless.  Because Petitioner cites to no authority to support his position that "with the elimination of the residual clause, this Court must determine whether the district court's elements analysis is correct," the Court finds that Petitioner cannot overcome the issue of timeliness and that this Motion is properly denied on that basis alone.

### D. Retroactivity and other Procedural Bars

The Government argues that *Johnson* does not apply retroactively to cases such as the instant one, where the sentence was imposed under the Guidelines. Dkt. #6 at 17-27. Although the Court has previously found against the Government making this same argument, *see* Parker, the Court need not address this issue given the above timeliness ruling.

The Government also argues that Petitioner's motion is procedurally barred because "at no time did Williams contend his convictions could not be analyzed under USSG §4B1.2(a)(2)'s residual clause, and he certainly never argued the residual clause is unconstitutionally vague" and because he "did not raise any challenge to his sentences on direct review." Dkt. #6 at 13. The Court need not address this issue given the above timeliness ruling.

### E. Certificate of Appealability

A petitioner may not appeal a decision denying a motion under 28 U.S.C. §2255 without obtaining a certificate of appealability. 28 U.S.C. §2253(c)(1)(B). The decision whether to grant a certificate of appealability must be made by this Court in the first instance. *See* Ninth Circuit Rule 22-1(a); *see also* Fed. R. App. P. 22(b)(1). To obtain a certificate of appealability, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If any of petitioner's claims are found procedurally defective, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The Government argues only that Petitioner "has not advanced a colorable substantive claim for relief, nor any claim that is not procedurally defective." Dkt. #6 at 44. Petitioner argues against the Government's position on timeliness, but does not directly address this issue.

Having considered all of the above, the Court determines that the issues in this case are essentially unsettled in the Ninth Circuit and will grant Petitioner a certificate of appealability.

### IV.  CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion to Vacate or Correct Sentence under § 2255 (Dkt. #1) is DENIED.
2. Petitioner is GRANTED a Certificate of Appealability in this matter.
3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 11 day of October, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 9